IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESTATE OF DONALD D. GADDIS, by MARLEIS TROVER, Administrator, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) NO. 18-CV-1464 ) |
| CRAIG OGLESBY and DUSTIN KELLEY, | ) ) ) ) |
| Defendants. | ) |

## AMENDED COMPLAINT

### PRELIMINARY STATEMENT

This is a civil rights action under 42 U.S.C. § 1983 of the United States Code commenced by the Plaintiff, a resident of the City of Marion, Illinois, for the violation of his United States Constitutional rights by the Defendants, Craig Oglesby and Dustin Kelley. More specifically, suit is filed for searching the Plaintiff's motor vehicle without having a warrant or probable cause to do so, in that they, either jointly and/or separately read the Journal of Donald Gaddis, deceased, and without his consent shared the contents of his journal with a third party. The Plaintiff asserts a pendent state law claims for trespass. The Plaintiff seeks compensatory damages, punitive damages, attorney fees, and a trial by jury.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this suit as to the 42 U.S.C. § 1983 claim pursuant to 28 U.S.C. § 1343, and, as to the state law trespass claim, jurisdiction is present under 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Venue lies pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

## THE PARTIES

3. Donald D. Gaddis, ("Gaddis") was an adult who resides in the City of Marion, Illinois, at the time of the events alleged herein. On or about May 15, 2022, Gaddis died.

4. On May 20, 2022, an Estate was opened for Donald Gaddis, and his mother, Marleis Trover, was named as Personal Representative, of the Estate. See Case Number, 2022-PR-9, Johnson County, Illinois.

5. Letters of Office were issued in favor of Marleis Trover by the Johnson County Circuit Court on May 27, 2022. (Ex. A attached hereto.)

6. Defendant Craig Oglesby was at all relevant times a police officer employed by Williamson County, Illinois.

7. Defendant Dustin Kelley is and was at all relevant times a police officer employed by the Williamson County, Illinois.

8. At all times relevant to the Plaintiff's claims, the Defendants were acting under the color of Illinois law.

## FACTS

9. Prior to March 25, 2018, Gaddis had been named as a Respondent in an order of protection proceeding that had been filed in the Williamson County Circuit Court, Marion, Illinois.

10. Bryan DeMattei, ("DeMattei") who was previously a Defendant in this case, testified as a witness in said proceeding.

11. Gaddis was driving on the street in front of DeMattei's house, and Gaddis noticed DeMattei's car in the driveway.

12. At said time, both DeMattei and Sam Ward were outside of DeMattei's home.

13. At said time, Gaddis drove upon the driveway for the purpose of discussing DeMattei's testimony in the order of protection proceeding.

14. There were no "no trespassing" signs posted on DeMattei's property.

15. After approximately 5 minutes, DeMattei and Sam Ward ("Ward") decided to place Gaddis under arrest.

16. Gaddis was arrested, taken to the ground, and was subsequently charged with disorderly conduct by Defendants Oglesby and Kelley.

17. While DeMattei and Ward had Gaddis under restraint, Defendants Kelley and Oglesby arrived at the scene.

18. Said criminal charges have been dismissed, People of the State of Illinois v. Gaddis, 18-CF-178.

19. While the Gaddis was restrained, the Defendants Oglesby and Kelley searched Gaddis's vehicle.

20. The search as conducted without a warrant.

21. During the search, Kelley or Oglesby and both jointly discovered Gaddis's private papers which was in the nature of a journal.

22. Kelley or Oglesby or both jointly read Gaddis's private papers, and after reading those papers, Kelley or Oglesby or both jointly decided to share the contents of the private papers with DeMattei.

23. The decision to read those papers was made without probable cause to believe that the papers contained any evidence related to the charge for which Gaddis was placed under arrest or any other criminal activity which Oglesby and/or Kelley had probable cause to suspect.

24. As result of the illegal search, the Gaddis suffered and sustained substantial

emotional distress as he was forced to endure the search while he was being restrained and under handcuffs in the back seat of Oglesby's vehicle.

## COUNT I
## ILLEGAL SEARCH AND SEIZURE
## 42 U.S.C. § 1983

Now Comes the Gaddis, and for Count I of his Complaint against the Defendants, he says:

25. He incorporates herein as if fully stated herein the allegations set forth in paragraph 1 through 24 of the Complaint.

26. At the time that the Defendants searched Gaddis's vehicle, they knew that they lacked probable cause to conduct a search by reading Gaddis's private papers.

27. Exigent circumstances did not exist which permitted an immediate search by reading Gaddis's private papers even if the Defendants believed that Gaddis's vehicle contained evidence relevant to the disorderly conduct charges and trespassing charges as Gaddis was under arrest and his vehicle was impounded by the Williamson County Sheriff's Office and a search warrant could have been obtained if probable cause could have been shown.

28. As a direct, proximate, and substantial result of the actions of the Defendants Gaddis's private papers were illegally and unlawfully searched.

29. Said search was conducted in violation of the 14th Amendment to the United States Constitution.

30. As a further direct, proximate and substantial result of the Defendants' actions, Gaddis was caused to suffer mental and emotional distress, anxiety, anguish, embarrassment, and humiliation.

WHEREFORE, Gaddis's Estate prays for damages against the Defendants as follows:

A) Damages for emotional distress as determined by this Court but in no event less than $25,000.00;

C) For his reasonable attorney fees.

D) For such other relief as this Court deems to be just.

Gaddis demands a jury trial.

Date: June 21, 2023

S/ Darrell Dunham
Darrell Dunham
Attorney at Law
308 West Walnut Street
Carbondale, IL 62901
618-549-9800
Fax: 618-549-9805

## COUNT II
## STATE LAW
## TRESPASS

Now Comes the Plaintiff, and for Count II of its Complaint against the Defendants, he says:

31. He incorporates herein as if fully stated herein the allegations set forth in paragraph 1 through 24 of the Complaint.

32. This Court has jurisdiction pursuant to 28 U. S. C. § 1367.

33. At no time prior to said search, did the Gaddis give the Defendants his consent to read his private papers.

34. Gaddis sustained damages as a direct and proximate result of the trespass to his private papers in that he is entitled to nominal damages and emotional distress damages in the form of anxiety, anguish, embarrassment, and humiliation.

WHEREFORE, Gaddis's Estate prays for damages against the Defendants as follows:

A) Compensatory damages as determined by this Court but in no event less than $2500.00 for trespass to property;

B) Damages for emotional distress as determined by this Court but in no event less than $25,000.00;

D) For such other relief as this Court deems to be just.

Gaddis demands a jury trial.

Date: June 21, 2023                                             S/ Darrell Dunham
                                                                Darrell Dunham
                                                                Attorney at Law
                                                                308 West Walnut Street
                                                                Carbondale, IL 62901
                                                                618-549-9800
                                                                Fax: 618-549-9805

## CERTIFICATE OF SERVICE

To the Clerk of this Court and all parties of record:

Counsel for the Plaintiff hereby certifies that he electronically filed an Amended Complaint on the CM/ECF system which in turn was served on the Defendants' Attorney.

Julie M. Koerner
O'Halloran, Kosoff et al.
650 Dundee Road
Suite 475
Northbrook, IL 60062
Email: jkoerner@okgc.com


Dated: June 21, 2023                                            /s/ Darrell Dunham
                                                                Darrell Dunham
                                                                Attorney for Plaintiffs
                                                                308 West Walnut
                                                                Carbondale, IL 62901
                                                                618-549-9800
                                                                618-549-9805 Fax